FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

00 NOV -9 PM 4:44

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| GARY LEE RITCHEY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CV 00-BU-2759-M |
| CSX TRANSPORTATION, INC.; AMOS RICHARDSON, et al., | ) | |
| Defendants. | ) | |

ENTERED
NOV 09 2000

## Memorandum Opinion

Now before the Court in the above-styled action is a motion filed by Plaintiff Gary Lee Ritchey to remand this case to the Circuit Court of Etowah County, Alabama, from whence it was removed. (Doc. No. 6). The issue raised by the motion is whether Defendant Amos Richardson was fraudulently joined. If he was not fraudulently joined, as urged by Plaintiff Ritchey, the Court lacks jurisdiction to entertain the case because there is not complete diversity of citizenship. In support of said motion, Plaintiff has filed evidence and a memorandum of law. Defendants CSX Transportation, Inc. ("CSX") and Richardson responded with a memorandum of law in opposition. The motion is now ripe for decision. Upon due consideration, the Court concludes that the motion to remand is due to be GRANTED.

### I. BACKGROUND

According to the complaint, Nicholas Lee Ritchey was killed on May 10, 2000 when the automobile he was driving went off the road, skidded out of control and landed

upside down in a creek as he approached a railroad grade crossing in Glencoe, Alabama. This grade crossing is allegedly owned and maintained by Defendant CSX. Also injured in this accident was Stephany Braden, a minor who was a passenger in the automobile. On August 23, 2000, Plaintiffs Gary Lee Ritchey and Diane Sims, the father of Nicholas Lee Ritchey and the mother of Stephany Braden, respectively, brought suit in the Circuit Court of Etowah County, Alabama, asserting claims of negligence and/or wantonness against CSX, Richardson, and various fictitious defendants. Plaintiffs alleged that maintenance work performed by CSX employees at the grade crossing a "short time" prior to the date of the accident had rendered the crossing unreasonably dangerous to motorists. In particular, Plaintiffs claimed that this maintenance work resulted in the asphalt pavement being approximately 18 inches higher at the crossing than at the shoulder of the road and that the approaches to the crossing were excessively steep, and that these conditions had caused the accident that killed Nicholas Lee Ritchey and injured Stephany Braden. Most germane to the motion to remand, Plaintiffs asserted that Richardson is liable because he is employed by CSX as a yardmaster "and had responsibility for all aspects of railroad maintenance including grade crossings for the area" where the accident occurred. See Complaint ¶ 5. Plaintiffs also averred that the maintenance work at the grade crossing was performed "at the direction of Defendant Richardson." Id. at ¶ 11.

On September 28, 2000,[1] Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting that this Court had jurisdiction based upon the parties' diversity of citizenship and that the amount in controversy exceeded $75,000. See 28 U.S.C. § 1332. Defendants pointed out that both Plaintiffs are admittedly citizens of

---

[1] The Court would note that the docket sheet erroneously indicates that the case was removed on June 28, 2000. However, an examination of the record itself shows that the case was not removed until September 28, 2000.

Alabama and that CSX is, for purposes of diversity jurisdiction, considered a citizen of Virginia, under whose laws it was incorporated, and Florida, its principal place of business. See 28 U.S.C. § 1332(c)(1). Defendants acknowledged that Defendant Richardson is a citizen of Alabama, which would destroy the requirement of complete diversity required to maintain the action in federal court. Defendants claimed, however, that Richardson was fraudulently joined. Thus, Defendants argued, Richardson's citizenship could be ignored, and the suit was properly removable. In support of their assertion that Richardson had been fraudulently joined, Defendants submitted an affidavit sworn by Richardson in which he states that he, as the CSX Gadsden yard yardmaster, has no responsibility for, nor is his work connected to, the installation or maintenance of any railroad grade crossing, including the one where the accident occurred. Richardson claims, rather, that he is responsible for switching all rail cars from inbound trains to outbound trains within the territorial limits of the Gadsden yard, which do not extend to the crossing grade where the accident occurred.

On October 30, 2000, Plaintiff Gary Lee Richey filed the instant motion to remand, arguing that Defendant Richardson was not fraudulently joined and that his status as a citizen of Alabama destroys the complete diversity required for jurisdiction premised upon 28 U.S.C. § 1332. Plaintiff Richey has also submitted two pieces of evidence in support of his motion and argument that Richardson was not fraudulently joined. The first is a job description of a yardmaster trainee, set forth on CSX's website. It states that among a yardmaster's responsibilities are "[t]o see that all yard and road crews are at the proper place performing their duties in the appropriate amount of time and manner." The second piece of evidence is a copy of the Glencoe Police and Fire Communication Log, which indicates that on April 28, 2000, there was an entry regarding the crossing grade in question stating, "CSX Gadsden yard advised the [sic] of sign & pos. being down but not blocking R X R." These pieces of evidence, Plaintiff Richey claims,

indicate that CSX's Gadsden yard was responsible for the condition of the crossing grade and that as the yardmaster, Richardson was charged with a duty to oversee the manner CSX's "road crews" at the Gadsden yard did their work.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction; thus, this Court may hear only cases that the Constitution or Congress has authorized. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citing cases). A federal court has jurisdiction over cases involving parties who are citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The defendant in such a case may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a). On the face of the pleadings in the instant case, however, there is a lack of complete diversity that would preclude removal of the case to federal court, as Plaintiffs are citizens of Alabama, while Defendant Richardson is also a citizen of Alabama.[2]

Nonetheless, as "the Supreme Court has long recognized, diversity jurisdiction 'cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy.'" Jeter v. Orkin Exterminating Co., 84 F.Supp. 2d 1334, 1337 (M.D. Ala. 2000) (quoting Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Thus, the action may be removable if the joinder of the non-diverse party, Defendant Richardson, were fraudulent, in which case his citizenship would be disregarded for purposes of analyzing whether complete diversity exists. See Thomas v.

---

[2]For purposes of removal, the citizenship of the fictitious defendants is disregarded. See 28 U.S.C. § 1441(a); Wilson v. General Motors Corp., 888 F.2d 779, 782 n.3 (11th Cir. 1989).

Jim Walter Homes, Inc., 918 F.Supp. 1498, 1501 (M.D. Ala. 1996) (citing Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979)[3]). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). The burden of the removing party is a "heavy one." Id.; Crowe, 113 F.3d at 1538 (quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981)). Indeed, binding precedent in this circuit holds that a claim of fraudulent joinder must proven by "clear and convincing evidence." See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez, 139 F.3d at 1380 (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1562 (11th Cir. 1989)). In determining whether the case should be remanded, a district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor. Id. While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b), the jurisdictional inquiry must not subsume substantive determination. Crowe, 113 F.3d at 1538. "In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." Id. at 1542. Thus,

---

[3] All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the plaintiff seeking a remand need not show that he could survive a motion for summary judgment filed by the non-diverse defendant. Id. Rather, it only need appear from the complaint and the supplemental evidence offered that the plaintiff has presented an "arguable" claim against that defendant. Id. at 1541-42.

CSX argues that Plaintiffs cannot possibly establish a cause of action against Richardson. CSX first contends that Plaintiffs have not stated a claim against Richardson, because the allegation in their complaint that Richardson was responsible for relevant aspects of maintenance at the railroad crossing grade where the accident occurred is "factually inaccurate." Notice of Removal ¶ 10. In support, CSX points to Richardson's affidavit in which he expressly disclaims such responsibility. However, in determining whether a complaint states a claim, a court examines only the face of the complaint, accepting the allegations therein as true and construing them in the light most favorable to the plaintiff. See, e.g., Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999); Marine Coatings of Alabama, Inc. v. United States, 792 F.2d 1565, 1567 (11th Cir. 1986). Here, despite evidence to the contrary offered by CSX, the complaint itself alleges that Richardson was responsible for and directed the CSX employees that negligently or wantonly performed the maintenance work at the crossing grade, which, in turn, allegedly caused the accident. Accordingly, the Court concludes, the complaint states at least an arguable or colorable negligence and/or wantonness claim against Richardson in state court, and his joinder is not invalid on this ground. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.")

CSX argues, however, that this Court should consider Richardson's affidavit in which he disclaims responsibility for any maintenance work done at the crossing grade where the accident occurred. The Court acknowledges that it is to consider Richardson's

affidavit. However, this Court may only examine the merits of Plaintiffs' claims against Richardson to determine whether they are obviously fraudulent or frivolous. Further, it must be recognized that Plaintiffs have not had an opportunity to engage in full discovery, if any at all. Under such circumstances, it has been recognized that "to block a fraudulent joinder charge based on lack of evidence, a plaintiff who has not been able to engage in full discovery must be able to provide some showing that [his] claim against the resident defendant has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Sellers v. Foremost Ins. Co., 924 F.Supp. 1116, 1119 (M.D. Ala. 1996).

Here, the evidence offered by Plaintiffs in opposition the Richardson affidavit is not exceptionally strong. But it does not have to be in order to counter a claim of fraudulent joinder. The Court concludes that the police log indicating that the Gadsden yard was contacted with respect to a problem at the grade crossing where the accident occurred gives at least some hint that someone at that facility is responsible for maintaining that crossing. Moreover, the yardmaster job description from CSX's website intimates that Richardson's duties included overseeing the manner in which "road crews" did their work. Taken in the light most favorable to Plaintiffs, the Court concludes that the evidence submitted by Plaintiffs at this early stage of the proceedings is sufficient to show that the claims against Richardson are not "obviously fraudulent or frivolous." Crowe, supra. See also Bromberg v. Metropolitan Life Ins. Co., 50 F.Supp.2d 1208, 1212 (M.D. Ala. 1999) (finding joinder was not fraudulent, despite non-diverse defendant's affidavit claiming that the plaintiff's complaint was "incorrect" in its allegation that he had supervisory authority over another defendant accused of fraud). Therefore, the Court concludes that Richardson was not fraudulently joined. With complete diversity destroyed, jurisdiction is lacking, and Plaintiff's motion to remand is due to be granted.

### III. CONCLUSION

Based on the foregoing, the Court finds that Defendants have failed to carry the burden to prove that Defendant Richardson was fraudulently joined. Therefore, there is a lack of complete diversity of citizenship, and the Court lacks subject matter jurisdiction. Therefore, Plaintiff's motion to remand (Doc. No. 6) is due to be GRANTED. This action is due to be REMANDED to the Circuit Court of Etowah County, Alabama. Costs are taxed against Defendants. 28 U.S.C. § 1447(c). A separate order will be entered. DONE this 9th day of November, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE